# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4494

TELESFORO GUTIERREZ-ALMAZAN,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A36-748-745

ARGUED JUNE 1, 2007—DECIDED JUNE 21, 2007

Before FLAUM, MANION, and ROVNER, *Circuit Judges.*

FLAUM, *Circuit Judge.* Telesforo Gutierrez-Almazan, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1981. In 1994, he pleaded guilty to criminal sexual assault of a minor. Based on that conviction, the United States identified Gutierrez-Almazan as an aggravated felon and in 1999 initiated removal proceedings against him. After an IJ ordered him removed to Mexico, the Board of Immigration Appeals ("BIA") reversed, holding that he was eligible for relief under § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1994), which was repealed in 1996 but, under *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), remains available to aliens who pleaded guilty

to an aggravated felony prior to the effective date of the repeal and would have been eligible for relief at the time. On remand, the IJ again ordered Gutierrez-Almazan removed because his attorney filed the wrong application for relief. When Gutierrez-Almazan filed his brief on appeal two days late, the BIA declined to accept the brief. Gutierrez-Almazan petitions this Court for review, arguing that the BIA abused its discretion by rejecting his late brief. We grant Gutierrez-Almazan's petition and remand to the BIA.

## I. INTRODUCTION

Gutierrez-Almazan moved to the United States from Mexico on May 29, 1981, when he was ten years old. He obtained a green card and has lived in this country since that time. In 1993, he married his wife, Patricia Cortez, an American citizen. They have two children, who are also American citizens.

In 1994, Gutierrez-Almazan was convicted of criminal sexual abuse of a minor and was sentenced to twenty-four months probation and counseling. On March 29, 1999, DHS seized Gutierrez-Almazan as part of "Operation Predator," an effort to find and remove non-citizens convicted of crimes involving sexual abuse of a minor. DHS served Gutierrez-Almazan with a Notice to Appear ("NTA"), alleging that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). After DHS placed Gutierrez-Almazan in removal proceedings, he hired Federico Trigo to represent him. Over the course of the case, Gutierrez-Almazan paid Trigo $10,000.

On April 27, 1999, the immigration judge ("IJ") held that Gutierrez-Almazan's conviction constituted an aggravated felony and that he was therefore ineligible for any relief from removal. The IJ ordered Gutierrez-Almazan

removed to Mexico. On May 27, 1999, he appealed the IJ's decision to the BIA, which gave Gutierrez-Almazan until August 6, 1999 to file his brief. On August 5, 1999, Trigo mailed the BIA an extension request because he "had a congested schedule" for the preceding five weeks. On August 13, 1999, the BIA received the request and granted the extension.

On June 25, 2001, the Supreme Court issued its opinion in *St. Cyr*. On April 30, 2002, applying *St. Cyr*, the BIA held that Gutierrez-Almazan was eligible for a waiver under § 212(c) because he pled guilty to his criminal offense before Congress repealed that statute. The BIA remanded Gutierrez-Almazan's case so that he could apply for a § 212(c) waiver.

On remand, the IJ scheduled a merits hearing on Gutierrez-Almazan's § 212(c) waiver for August 5, 2004 and ordered Gutierrez-Almazan to file all supporting documents thirty days prior to the hearing. Gutierrez-Almazan did not file any documents with the IJ prior to the hearing. On August 5, 2004, Gutierrez-Almazan and Trigo arrived at the hearing with an application for cancellation of removal, not an application for a § 212(c) waiver. Additionally, Gutierrez-Almazan did not bring any witnesses to the hearing because Trigo had advised him that it was unnecessary.

DHS presented the IJ with two rap sheets. The first rap sheet listed Gutierrez-Almazan's full name and listed "convicted sex offender registration" under the date April 1996. The second rap sheet referred to a January 2000 domestic battery arrest, a 2000 Driving Under the Influence ("DUI") arrest, and two August 2001 DUI arrests. DHS argued that Gutierrez-Almazan had not disclosed any of these arrests to the court. Gutierrez-Almazan denied that the second rap sheet was his, and Trigo noted that the convictions were listed under an entirely different

name. Although Trigo was aware of the second rap sheet before the hearing, he informed Gutierrez-Almazan not to worry about it.

The IJ noted that Gutierrez-Almazan was ineligible for cancellation of removal and asked Trigo why he did not file the correct application or include any supporting documentation. Trigo responded:

> Your Honor, for several reasons. One of them is I, there was problems communicating with my client, but besides that, I was not sure. I was confused as to whether this hearing was not on the merits of whether he, he qualified, but whether Your Honor will reconsider. And the instructions from the Board of Immigration Appeals stated that it was addressed to Your Honor saying to reconsider that you were going to accept the application, and that was my confusion right there.

The IJ stated that there was no ambiguity in the BIA's decision because it clearly stated that Gutierrez-Almazan was eligible for a § 212(c) waiver. The IJ noted that Gutierrez-Almazan's documents were "woefully, woefully inadequate," and then held that Gutierrez-Almazan had "abandoned his right to file for a § 212(c) waiver by lack of prosecution and failure to file the application within the time set by the Court." Gutierrez-Almazan appealed to the BIA pro se.

On June 23, 2005, Gutierrez-Almazan found an envelope from the BIA in a pile of old newspapers in his house. Gutierrez-Almazan did not open the envelope because he planned to take it to the Legal Assistance Foundation of Metropolitan Chicago ("LAF"). On June 28, 2005, Gutierrez-Almazan took to the letter to LAF and discovered that his appeal brief was due that day. On June 29, 2005, LAF decided to represent Gutierrez-Almazan, and on July 1, 2005, it sent a brief and a motion to the BIA by

overnight carrier seeking leave to file a late brief. Gutierrez-Almazan attached to the motion evidence of Trigo's ineffective assistance.

On July 13, 2005, the BIA denied Gutierrez-Almazan's motion and returned his brief. On September 20, 2005, Gutierrez-Almazan's attorney sent a motion for leave to file an amended notice of appeal, accompanied by an amended notice of appeal. The BIA did not rule on the motion. On November 4, 2005, the BIA held that Gutierrez-Almazan failed to file a timely brief that met the BIA's requirements for an ineffective assistance of counsel claim. The BIA further found that Gutierrez-Almazan could not show prejudice from any ineffective assistance because the BIA had ruled in *Matter of Blake*, 23 I & N. Dec. 722 (BIA 2005), that non-citizens convicted of sexual abuse of a minor are ineligible for § 212(c) relief. On December 2, 2005, Gutierrez-Almazan filed his petition for review.

## II. DISCUSSION

Gutierrez-Almazan argues that the BIA erred by denying his motion to file a late brief. This Court reviews the BIA's decision for an abuse of discretion. *Cf. Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005) (stating that the Court reviews the denial of a motion to reopen or reconsider under an abuse of discretion standard).

The BIA's regulations grant it the discretion to accept or reject late briefs. 8 C.F.R. § 1003.3(c)(1) ("In its discretion, the BIA may consider a brief that has been filed out of time."). Although "the BIA is not required to write an exegesis on every contention," it is required to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Ssali v.*

*Gonzales*, 424 F.3d 556, 564 (7th Cir. 2005) (internal citations omitted). In denying Gutierrez-Almazan's motion to file a late brief, the BIA merely stated, "We find the reason stated by the respondent insufficient for us to accept the untimely brief in our exercise of discretion." This sparse ruling was inadequate to enable us to perform any meaningful review. The fact that the BIA found Gutierrez-Almazan's reason insufficient to accept his late brief is implicit in its rejection of his motion. The BIA has given this Court no indication that it took account of Gutierrez-Almazan's pro se status, education, language skills, or any other factors that might be relevant to the merits of his motion. Indeed, we cannot tell from the BIA's order whether it "heard and thought," or "merely reacted."

We also note that the BIA treated Gutierrez-Almazan's requests for extensions inconsistently. During Gutierrez-Almazan's first appeal, Trigo requested an extension of time to file a brief with the BIA, stating that he "had a congested schedule for the past five weeks." The BIA received this request over a week after the brief was due, but nevertheless granted the motion. In his second appeal, the BIA had both the request for an extension and Gutierrez-Almazan's brief within three days of its due date, yet the BIA denied the motion. In short, we are unable to determine from the BIA's conclusory statement whether it abused its discretion by refusing to accept Gutierrez-Almazan's late brief.[1]

---

[1] Gutierrez-Almazan also challenges the BIA's holding that he could not show prejudice from Trigo's ineffective assistance because he was ineligible for a § 212(c) waiver. Should the BIA accept his brief on remand, it may wish to reconsider its prejudice ruling in light of the Second Circuit's decision in *Blake v. Carbone, et al.*, ___ F.3d ___, 2007 WL 1574760 (2d Cir. June 1, 2007).

### III. Conclusion

For the above reasons, we REMAND to the BIA.

A true Copy:

      Teste:

             _____
             *Clerk of the United States Court of*
             *Appeals for the Seventh Circuit*