# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3351
_____

Abdifatah Abdi Omar,

*Petitioner*,

v.

William P. Barr, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 14, 2019
Filed: June 26, 2020

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Abdifatah Abdi Omar petitions for review of an order of the Board of Immigration Appeals that rejected his claim under the Convention Against Torture ("CAT") for deferral of his removal to Somalia. We conclude that the Board made no legal error and deny the petition for review.

Abdi Omar, a citizen and native of Somalia, entered the United States as a refugee in 1995 at age 16 and became a lawful permanent resident the next year. As an adult, Abdi Omar was convicted of three criminal offenses in Minnesota: (1) a controlled substance crime in the third degree (sale of a narcotic drug), *see* Minn. Stat. § 152.023, subdiv. 1(1); (2) theft, *see* Minn. Stat. § 609.52, subdiv. 2(a)(l); and (3) first-degree drug possession, *see* Minn. Stat. § 152.021, subdiv. 2(a)(l).

In light of these convictions, the Department of Homeland Security initiated removal proceedings against Abdi Omar on three grounds. The first was a conviction for a violation of a law relating to a controlled substance, *see* 8 U.S.C. § 1227(a)(2)(B)(i). Second, the Department alleged convictions for two crimes involving moral turpitude, *see* 8 U.S.C. § 1227(a)(2)(A)(ii). And third was a conviction for an aggravated felony, *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B). Abdi Omar conceded that he was removable under § 1227(a)(2)(B)(i) for a controlled substance conviction, but contested removability on the other two grounds. An immigration judge (IJ) sustained all three charges.

Abdi Omar then sought several forms of relief from removal: cancellation of removal, asylum, withholding of removal, and protection under the CAT. The IJ denied the requests for cancellation of removal, asylum, and withholding, but granted the application for deferral of removal under the CAT. The IJ determined that it was more likely than not that Abdi Omar would face torture in Somalia based on his membership in the minority Begedi clan and his status as a person infected with the human immunodeficiency virus (HIV). The IJ also found that Abdi Omar could not relocate within Somalia without fear of being harmed.

The Department appealed to the Board and challenged the IJ's grant of relief. Abdi Omar responded that "the decision of the immigration judge should be upheld, and the government's appeal dismissed." Abdi Omar did not cross-appeal or challenge any of the IJ's determinations. His brief acknowledged that the IJ had

deemed him ineligible for cancellation of removal because he had been convicted of an aggregated felony, and stated that he "does not contest this holding."

The Board concluded that the IJ had "clearly erred in forecasting that [Abdi Omar] will more likely than not be tortured in Somalia." The Board said that "although we are sympathetic to the respondent's situation, we conclude that he has not satisfied the high burden of establishing that it is more likely than not that he will be tortured in Somalia." The Board thus vacated the IJ's grant of relief and ordered Abdi Omar removed to Somalia.

Abdi Omar petitioned for review of the Board's final order of removal, including the order denying relief under the CAT. In response, the government moved to dismiss the petition. The government argues that we lack jurisdiction to review the agency's decision because Abdi Omar committed at least one offense enumerated in 8 U.S.C. § 1252(a)(2)(C) and has not raised a colorable constitutional claim or question of law. Because Abdi Omar disputes the Board's denial of relief under the CAT, we have jurisdiction to review both legal and factual challenges to the CAT order. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1688 (2020). We therefore deny the motion to dismiss.

Abdi Omar maintains that the Board committed legal error in its decision. He first disputes the determination that he is removable. He contends that he was not convicted of an aggravated felony or a crime involving moral turpitude. We will not review this challenge to removability because Abdi Omar did not present it to the Board. To the contrary, he expressly declined to contest the IJ's holding that he had been convicted of an aggravated felony. Abdi Omar also contends that he is not barred from seeking cancellation of removal because he was not convicted of an aggravated felony. Here too, he did not contest the point before the Board. Because Abdi Omar did not properly exhaust these issues before the agency, we will not address them on judicial review. *Ateka v. Ashcroft*, 384 F.3d 954, 957 (8th Cir.

2004).  Abdi Omar further argues that the agency never had subject matter jurisdiction to order him removed because the Notice to Appear issued by the Department did not specify a time and place of his removal proceedings.  This argument is foreclosed by *Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019).

On the matter of relief under the CAT, Abdi Omar contends that the Board committed several legal errors in reversing the IJ's grant of deferral of removal. Under the governing regulation, the Board may review questions of law, discretion, and judgment *de novo*, and it will review an IJ's findings of facts to determine whether they are clearly erroneous.  8 C.F.R. § 1003.1(d)(3)(i), (ii); *see Waldron v. Holder*, 688 F.3d 354, 360 (8th Cir. 2012).  The Board will not engage in its own factfinding, except for taking notice of commonly known facts.  8 C.F.R. § 1003.1(d)(3)(iv).

Whether the Board followed its regulations, refrained from independent factfinding, and applied the correct standard of review are legal questions that we review *de novo*.  *Garcia-Mata v. Sessions*, 893 F.3d 1107, 1109 (8th Cir. 2018). When the Board does apply the clear error standard, however, we do not review *de novo* whether the immigration judge's findings were clearly erroneous.  Instead, we consider whether the Board provided sufficient justification for its determination. *See Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016).  This means that the Board must adequately explain why it rejected the IJ's finding and identify reasons grounded in the record that are sufficient to satisfy a reasonable mind that there was clear error.

Abdi Omar complains that the Board improperly supplanted the IJ's factual findings and engaged in *de novo* review.  The Board's decision on its face applied the correct standard.  The decision stated that "the Immigration Judge clearly erred in finding that the respondent will more likely than not be tortured in Somalia because of his clan membership."  The Board also cited *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985), for the proposition that a finding is clearly erroneous when the

reviewing court is left with "the definite and firm conviction that a mistake has been committed." *Id.* at 573 (internal quotation omitted). And the Board correctly acknowledged that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. Abdi Omar contends, however, that the Board deviated from the proper standard after correctly stating it. We have vacated other Board decisions on that basis. *Waldron*, 688 F.3d at 360-61; *Ramirez-Peyro v. Gonzales*, 477 F.3d 637, 641-42 (8th Cir. 2007).

The Board considered several findings of the immigration judge in reaching its ultimate conclusion. The IJ found that Abdi Omar was a member of the Begedi clan. The IJ next credited testimony of Abdi Omar and his mother that other clans in Somalia do not provide protection to the minority Begedi clan. The IJ then relied on the State Department's country report that minority groups are disproportionately subjected to killings, torture, rape, kidnapping, and other human rights violations. The IJ further found that Abdi Omar's risk of torture was "exacerbated" by his HIV status. The judge cited the mother's testimony about hearing that HIV-positive individuals in Somalia are stoned and beaten, and a country report stating that persons with HIV in Somalia are subject to physical abuse. For these reasons, the IJ found it more likely than not that Abdi Omar would be subjected to torture in Somalia.

In determining that there was clear error, the Board "squarely address[ed] the evidence on which the IJ based its finding." *Waldron*, 688 F.3d at 360. With citations to the record, the Board accurately explained that although Abdi Omar and his mother testified that the Begedi clan did not receive protection from others, "they did not present evidence of this." In other words, their testimony was conclusory and undeserving of the weight that the IJ accorded it. The Board also reasoned that while the country reports stated that minority groups in general are disproportionately subject to killings and torture, the evidence did not address the Begedi clan in particular. The Board's analysis was consistent with our conclusion that a pattern of

human rights violations in a country is insufficient to justify relief under the CAT: "Specific grounds must exist that indicate the individual would be personally at risk." *Ademo v. Lynch*, 795 F.3d 823, 831 (8th Cir. 2015) (quoting *In re S-V-*, 22 I & N. Dec. 1306, 1313 (BIA 2000)). The Board also rejected the IJ's finding that Abdi Omar would be tortured due to his HIV status. Citing specific portions of the record, the Board acknowledged evidence that persons with HIV "face substantial discrimination and occasional violence," but concluded that the evidence was insufficient to show that Abdi Omar personally would more likely than not suffer harm rising to the level of torture.

In sum, the Board concluded that the IJ's ultimate finding depended on testimony that was unsupported by adequate foundation, relied on country reports that discussed human rights violations at too high a level of generality, and cited treatment of persons with HIV that either fell short of torture or was not sufficiently widespread to show that Abdi Omar likely would suffer torture. The Board's reasoning thus addressed the relevant evidence and provided sufficient justification for concluding that the IJ's finding was clearly erroneous.

Abdi Omar complains that the Board improperly considered each potential risk of torture separately and failed to assess the risk of torture in the aggregate. The Board has recognized that claims under the CAT must be considered in terms of the aggregate risk of torture from all sources. *Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (BIA 2018). The Board in this case did address risk factors individually, and found shortcomings in the IJ's findings on several. But this approach is not inconsistent with analyzing risk in the aggregate as long as the Board ultimately considers all factors together. If individual findings about particular risks are flawed, then of course it may follow that the aggregate finding is flawed as well. The Board's decision recognized at the outset that it must "consider all evidence relevant to the possibility of future torture," and it ultimately addressed the risk of torture

-6-

"[o]verall." We are satisfied that the Board's decision accounted for all of the asserted risks in concluding that the immigration judge clearly erred.

The petition for review is denied.

_____