In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-1804

OLAWOLE OLUWAJANA,

*Petitioner*,

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent*.

---

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A061-591-186

---

ARGUED DECEMBER 1, 2021 — DECIDED MARCH 9, 2022

---

Before MANION, BRENNAN, and JACKSON-AKIWUMI, *Circuit Judges*.

MANION, *Circuit Judge*. After an immigration judge ordered him removed from the United States, Olawole Oluwajana appealed to the Board of Immigration Appeals and retained counsel to represent him. But the government was slow in providing a copy of Oluwajana's immigration file, without which his attorney could not prepare a brief. The

Board granted one extension but denied a second, suggesting that Oluwajana instead submit his brief with a motion seeking leave to file it late. When he did so, less than two weeks after the submission deadline, the Board denied the motion in a cursory—and factually erroneous—footnote. And having rejected the brief, the Board upheld the removal order without considering Oluwajana's allegations of error by the immigration judge. Based on the undisputed circumstances of this case, we conclude that the Board abused its discretion by unreasonably rejecting Oluwajana's brief. We therefore grant the petition for review, vacate the Board's order, and remand for further proceedings.

Originally from Nigeria, Oluwajana became a lawful permanent resident of the United States in 2011. In 2017, he was convicted in Illinois state court of criminal sexual assault and aggravated criminal sexual abuse. Based on these convictions, the Department of Homeland Security charged him with removability. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

He was unrepresented throughout immigration court proceedings. At the final hearing, the immigration judge (IJ) wanted to know whether Oluwajana had been able to find an attorney. When Oluwajana said he had not, the IJ asked whether he was prepared to proceed anyway, and Oluwajana said he was. After confirming the state crimes of which Oluwajana was convicted, the IJ inquired whether there was any reason he could not return to Nigeria. Oluwajana stated that his entire family resided in the United States and that he believed he would be targeted by criminals upon his return to Nigeria. In response to the IJ, counsel for the government

stated that she did not believe Oluwajana had a basis to file an "I-589," an immigration form by which a person may request relief from an order of removal.

A few weeks after the hearing, Oluwajana was ordered removed from the United States. The IJ concluded that the state crimes of which Oluwajana was convicted constituted aggravated felonies and that no apparent eligibility for relief from removal had been demonstrated.

Oluwajana timely appealed to the Board in June 2020. Three months later, he retained counsel. His attorney promptly requested a copy of Oluwajana's immigration file from the Executive Office of Immigration Review (EOIR) and asked the Board to delay setting a briefing schedule until he received it. Eventually, the Board set a date of February 3, 2021, for any brief to be filed. As the initial due date neared, Oluwajana's counsel advised that he still had not received a copy of the file, including transcripts of immigration court proceedings. The Board extended the due date for the brief to February 24. As the new date approached, the EOIR still had not supplied the file, and Oluwajana's counsel asked the Board for another extension. While the extension request was pending before the Board, counsel at last received the case file on February 16. With only a week remaining before the February 24 due date, counsel advised the Board that he could not properly review the materials and prepare a brief in time; he sought a 21-day extension.

The Board denied the second extension request. Instead, it informed counsel that he could submit a brief after the due date along with a motion for its consideration.

Oluwajana's counsel filed the brief and the accompanying motion on March 8, 2021—12 days after the February 24 due date. The brief alleged that the IJ violated Oluwajana's due process rights by failing to give him an opportunity to file a Form I-589 and by not obtaining a knowing, intelligent, and voluntary waiver of the right to counsel. The brief further alleged that neither of Oluwajana's convictions constituted aggravated felonies justifying his removal. The accompanying motion asserted that counsel received a copy of the immigration case file from the EOIR so late that he did not have time to review its contents, consult with his client, and submit a brief by the February 24 deadline.

The Board issued its order in April 2021. First, it rejected Oluwajana's brief in a footnote, which read in its entirety:

> The respondent filed two motions for extension of time to file a brief. The first was granted on January 26, 2021; the second was denied on February 24, 2021. The respondent's brief was due on February 3, 2021. It was received on March 8, 2021. The respondent requests acceptance of the late-filed brief. Because the respondent's second request for an extension of time was denied and because the respondent's brief is untimely by 33 days, the motion to accept the late-filed brief is denied.

The Board then concluded that Oluwajana's state convictions rendered him removable and that he was therefore ineligible for asylum or withholding of removal or other relief. The Board dismissed Oluwajana's appeal without directly addressing the arguments raised in his brief. This petition for review followed.

At the outset, we must ensure that we have jurisdiction to hear this petition. Generally, the Immigration Code authorizes our review of a final order of removal, 8 U.S.C. § 1252(a)(1), but not when removal is predicated on an alien having committed an aggravated felony, *id.* § 1252(a)(2)(C). Yet even in the latter case, we retain jurisdiction to consider "questions of law." *Id.* § 1252(a)(2)(D). Whether Oluwajana's prior convictions count as aggravated felonies, an issue he raised both in this court and in the rejected brief he submitted to the Board, is just such a question. *Eke v. Mukasey*, 512 F.3d 372, 378 (7th Cir. 2008). Because the Board's final order of removal, among other things, concluded that Oluwajana's state convictions constituted aggravated felonies, we are secure in our jurisdiction to review that order, including the Board's preliminary decision to reject his brief arguing that the basis for his removal was legally erroneous.

The parties agree that we should return this case to the Board for further proceedings. But Oluwajana contends that the Board abused its discretion in rejecting his late-filed brief and requests a remand with instructions that the Board accept it. The government, in contrast, urges a general remand to give the Board the opportunity to reconsider whether to accept the brief and, this time, provide an adequate explanation for its decision.

The rules surrounding the submission of a brief to the Board reflect a resolve to keep administrative proceedings moving expeditiously. Twenty-one days is the default period for all parties to simultaneously file initial briefs, and reply briefs may not be filed as a matter of course. 8 C.F.R. § 1003.3(c)(1) (2021). The Board may extend the deadline to file an initial brief "a maximum of one time per case … for up

to 14 days" and "neither party may request a further extension."[1] *Id.* But, as most relevant here, the rules provide that, "[i]n its discretion, the Board may consider a brief that has been filed out of time." *Id.* Given that the issue is decided by the Board on a discretionary basis, we unsurprisingly review the denial of a motion to file a late brief for abuse of that discretion. *Dakaj v. Holder*, 580 F.3d 479, 481 (7th Cir. 2009).

Deferential though that standard is, however, the Board must still exercise its discretion in a reasonable manner. To that end, this court must "ensure that the Board's legal interpretations stay within the boundaries permitted to it and that it has not unreasonably failed to consider relevant factual information" presented in the record before it. *Chowdhury v. Ashcroft*, 241 F.3d 848, 852 (7th Cir. 2001).

The Board provided only two reasons for denying Oluwajana's motion to submit a brief out of time: (1) the second request for an extension of the briefing deadline was denied, and (2) the brief was received 33 days late. Neither basis supports the Board's decision.

First, the mere fact that the Board denied a second extension request cannot justify the rejection of a late brief. The agency's own regulation prohibits the Board from extending the briefing deadline more than "one time per case." 8 C.F.R.

---

[1] The extension period was capped at 14 days by an amendment to § 1003.3(c)(1) that took effect on January 15, 2021. Prior to this date, the Board could extend a briefing deadline by up to 90 days. 85 Fed. Reg. 81,588, 81,588 (Dec. 16, 2020). It appears that the Board relied on its pre-amendment authority to give Oluwajana a three-week briefing extension, from February 3 to February 24, 2021.

§ 1003.3(c)(1).[2] But the same regulation goes on to say that the Board "*may* consider a brief that has been filed out of time." *Id.* (emphasis added). Thus, the Board's rules envision that a late brief may be accepted even though a second extension of the briefing deadline is barred. It was nonsensical for the Board to deny Oluwajana permissible relief because he was not first granted relief that the Board's rules prohibit. We will not sustain a decision based on the Board's interpretation of its rules that causes "unreasonable, unfair, and absurd results." *Chowdhury*, 241 F.3d at 853.

Next, and more obviously, the Board clearly erred in finding that Oluwajana submitted his brief 33 days late. After the Board granted the initial request to extend the briefing deadline, the due date was February 24, 2021, not February 3. So, when Oluwajana submitted his brief on March 8, it was only 12 days past due, not the month and more stated in the Board's order. The Board abuses its discretion when it exercises that discretion based on factual determinations "contrary to the detailed evidence in the record." *Siddiqui v. Holder*, 670 F.3d 736, 746 (7th Cir. 2012).

To its credit, the government does not defend the Board's decision. Rather, without confessing error, the government urges us to remand the matter for the Board to reconsider whether to accept Oluwajana's brief. When the government requests a general remand and that request is opposed by the petitioner, we will grant the request "only when there is a

---

[2] The language explicitly permitting only one extension of the briefing deadline was added to § 1003.3(c)(1) by the January 2021 amendment, but it did not effect a change. It simply codified existing Board policy "not to grant second briefing extension requests." 85 Fed. Reg. at 81,588.

persuasive reason to do so." *W.G.A. v. Sessions*, 900 F.3d 957, 963 (7th Cir. 2018). We discern no such reason here.

This is not a case where the Board's decision to reject a late brief turned on questions of disputable fact, such as whether an individual in removal proceedings received notice of the Board's briefing schedule, *see Dakaj*, 580 F.3d at 482–84, or whether lateness should have been excused based on a totality of subjective factors, like a petitioner's "pro se status, education, [or] language skills," *Gutierrez-Almazan v. Gonzales*, 491 F.3d 341, 344 (7th Cir. 2007). In such cases, we remanded because the Board had yet to fulfill its obligation "to consider all relevant information," and we were persuaded that the Board could—"at least in the first instance"—potentially justify its rejection of a brief. *Dakaj*, 580 F.3d at 483–84.

In the present case, the salient facts are undisputed. The government failed to provide Oluwajana's counsel with a copy of his immigration file—including the transcripts of immigration court proceedings—until February 16, 2021. This was almost two weeks *after* the initial deadline set by the Board to file an administrative brief, a brief that could not have been filed without review of the file. Yet, less than three weeks after the EOIR finally provided a copy of the file, counsel drafted a brief and filed it with the Board, a mere 12 days past the revised due date. That is, the delay resulted principally (if not entirely) from the tardiness with which the government fulfilled its obligation to provide Oluwajana's counsel critical information. And counsel, in turn, acted expeditiously when that information was received.

On these facts, any reasonable exercise of discretion required acceptance of Oluwajana's brief. Thus, we will not order a general remand solely for the Board to consider again

the uncontested record already before it. At the same time, we decline to address Oluwajana's allegations of error by the IJ. Those contentions are best addressed in the first instance by the Board, which will now have the benefit of Oluwajana's briefed arguments.

We are mindful that the abuse-of-discretion standard is deferential and that deadlines are necessary for the operation of the immigration system, which we have acknowledged is "overburdened." *Vidinski v. Lynch*, 840 F.3d 912, 918 (7th Cir. 2016). But the Board's own rules contemplate that, deadlines notwithstanding, it is sometimes appropriate to accept a late-filed brief. Based on the present circumstances, we conclude that this is one of those times.

The Board clearly abused its discretion in denying Oluwajana's motion to file his brief out of time; the brief must be accepted. Accordingly, we GRANT the petition for review, VACATE the Board's order, and REMAND for further proceedings consistent with this opinion.