# United States Court of Appeals

## For the Eighth Circuit
_____

### No. 22-3262
_____

Peter David Davis

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

------------------------------

Immigration and Disability Law Scholars

*Amicus on Behalf of Petitioner*
_____

### No. 23-1229
_____

Peter David Davis

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

------------------------------

Immigration and Disability Law Scholars

*Amicus on Behalf of Petitioner*

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 15, 2023
Filed: February 1, 2024
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Peter David Davis petitions for review of the dismissal of his appeal by the Board of Immigration Appeals.  Having jurisdiction under 8 U.S.C. § 1252(a), this Court grants that petition and remands to the BIA.

Davis, a Liberian citizen, was admitted as an asylee to the United States in 2008.  While living with family and working at a senior living facility, Davis began using drugs and experiencing mental health symptoms—later diagnosed as depressed, bipolar, schizophrenic, and posttraumatic stress disorder.

By 2014, Davis was homeless and eventually arrested for shoplifting.  Over the next four years, he was convicted of multiple crimes, including a 58-month sentence for aggravated robbery and fleeing a peace officer in a motor vehicle. The United States Citizenship and Immigration Services sent a Notice of Intent to Terminate Asylum Status.

In April 2019, DHS began removal proceedings, alleging that his criminal history made him removable and that his asylum status should be terminated.

Davis conceded removability, stating that his mental health was "going great" (despite not taking his prescribed medications). He sought a waiver of inadmissibility for humanitarian purposes and to assure family unity.

The IJ denied the waiver and ordered him removed. On the first appeal to the BIA, it agreed that as a matter of discretion, a waiver was not warranted. The IJ did not explicitly determine whether the respondent's asylee status had been terminated. The BIA remanded "for the sole issue as to whether the respondent's asylee status should be terminated."

While the case was on remand, Davis began to consistently take psychiatric medications. He told his new counsel that due to his mental health struggles, it had been difficult to share important aspects of his personal history with his former lawyer. These struggles included hearing voices, confusing reality with the imaginary, and failing to take the proceedings seriously. He described hardships in Liberia where he was beaten by military groups, interrogated about his tribal membership, sexually assaulted by an older man while living in a shelter for children, and subject to other violent experiences.

Before the IJ the second time, Davis submitted a brief that included a request to reopen the case. He also requested a competency hearing, moved for a mental disability accommodation, and sought to apply for withholding of removal and CAT protection. He unsuccessfully tried to have his mother and his former attorney testify before the IJ.

The IJ concluded that the BIA's remand was "narrowed … to the issue of termination of the respondent's asylum," because "[t]he Board explicitly retained jurisdiction." In addition to finding that Davis was competent throughout the proceedings, the IJ terminated his asylee status and ordered him removed to Liberia. The IJ also stated that Davis's post-remand testimony and his new

-3-

attorney's proffered testimony of Davis's mother and previous counsel "d[id] not change [his] decision."

On this appeal to the BIA, it recognized that it remanded the case to determine Davis's asylee status. However, it added that the IJ did have jurisdiction over new claims and additional evidence. It affirmed the IJ's decision. The BIA referenced the motion-to-reopen standard, stating that Davis "has not established that evidence of his mental health issues and of his past and feared harm if returned to Liberia are new, previously unavailable, or would likely change the result in his case." Davis then petitioned for review with this Court.

I.

Davis argues that the BIA erred by failing to provide a reasoned explanation for its application of the motion-to-reopen standard. The government asserts that this Court lacks jurisdiction to review this determination due to the criminal alien review bar. *See* **8 U.S.C. § 1252(a)(2)(C)**. However, as the government acknowledges, section 1252(a)(2)(C) does not prevent reviewing "constitutional claims" or "questions of law" under 8 U.S.C. § 1252(a)(2)(D). The adequacy of the BIA's explanation is a question of law. *See **Lavira v. Att'y Gen.**,* 478 F.3d 158, 164 (3d Cir. 2007) (finding jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review whether the BIA's explanation was sufficient to allow meaningful appellate review), *overruled on other grounds by **Pierre v. Att'y Gen.**,* 528 F.3d 180, 189-90 (3d Cir. 2008); ***Garcia Gomez v. Gonzales**,* 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam) (same).

This Court reviews the decision to reopen proceedings for an abuse of discretion. ***Hailemichael v. Gonzales**,* 454 F.3d 878, 882 (8th Cir. 2006). This court may find an abuse of discretion where a decision is without rational explanation, departs from established policies, invidiously discriminates against a

particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim. ***Ramirez v. Sessions***, 902 F.3d 764, 775 (8th Cir. 2018) (internal marks and citations omitted).

Before the IJ, Davis requested to reopen his case. To grant a motion to reopen, the IJ must be "satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." **8 C.F.R. § 1003.23(b)(3)**.

In a similar case, the BIA had affirmed the IJ's grant of a motion to reopen (by the government). The IJ there gave a one-sentence explanation: "This court rejects the [alien's] argument that this evidence was available and could have been discovered and presented at the former hearing." ***Hailemichael****,* 454 F.3d at 884. This Court held this was "insufficient" to permit "meaningful review." ***Id.*** "The IJ's summary dismissal in one sentence of all of [the alien's] arguments concerning the prior availability of the proffered evidence" does not meet the "requirements" for adequately reasoned decision making. ***Id.***

Here, the IJ's decision does not reference the motion to reopen (or the standard for considering it). The government believes that the IJ did so by stating that "issues of mental health and substance abuse permeate and are very well made on the record at the individual hearing originally made." To the contrary, this statement is addressing Davis's decision not to raise an ineffective-assistance-of-counsel claim. True, the IJ's statement could support findings relevant to the motion to reopen. But, the IJ concluded he lacked jurisdiction to entertain new claims and ruled in the alternative that the claims should be dismissed.

The BIA erred in affirming the IJ. The entirety of the BIA's analysis about the motion to reopen was that Davis "has not established that evidence of his mental health issues and of his past and feared harm if returned to Liberia are new,

previously unavailable, or would likely change the result in his case." This one sentence alludes to the elements of a motion to reopen, but does not explain how they apply to Davis's case. Neither the IJ nor the BIA met the requirements of reasoned decision-making. *See **Hailemichael***, 454 F.3d at 884.

The government asserts that the BIA, in other parts of its order, provided enough explanation of why Davis's case should not be reopened. The BIA does comment that: Davis's "mental health issues were known … during his competency hearings"; he discussed his mental health issues during his original proceedings; and he had "documented mental health issues." The BIA, however, does not connect these general comments to the motion to reopen.

Without an adequate explanation, this Court cannot conduct a meaningful review of the BIA's September 30, 2022 order. *See **Omondi v. Holder***, 674 F.3d 793, 800-01 (8th Cir. 2012) (holding that the BIA's reasoning must be "specific" enough to conduct judicial review), *citing **Singh v. Gonzales***, 495 F.3d 553, 557 (8th Cir. 2007).

## II.

While the petition was pending to review the BIA's September order, Davis moved for the agency to reconsider its prior decision, which was denied. In light of the grant of the petition to review the BIA's order, this Court denies the petition to review the denial of reconsideration.

Davis argues that the IJ deprived him of due process by, among other reasons, not considering evidence relevant to the motion to reopen. In light of granting the petition, this Court cannot address this argument until the BIA reviews the IJ's rulings.

Davis also argues that the BIA should have rejected the IJ's finding that he was competent. Because he concludes his argument with a request to submit new evidence, this Court will not address this argument in light of the grant of the petition to review the BIA's order.

\* \* \* \* \* \* \*

This Court grants Davis's petition for review in case no. 22-3262, denies the petition for review in case no. 23-1229, and remands for further proceedings consistent with this opinion.

_____