# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1001
_____

Loing Yar,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 15, 2023
Filed: March 8, 2024
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Loing Yar petitions for review of an order of the Board of Immigration Appeals that rejected his claim under the Convention Against Torture for deferral of his removal to South Sudan. We conclude that the Board properly determined that the record was legally insufficient to establish a likelihood of torture, and we therefore deny the petition for review.

Yar is a native and citizen of South Sudan. He entered the United States as a refugee from Sudan in May 2003 while he was a teenager. As an adult in the United States, Yar was convicted of distributing methamphetamine. Because this drug offense is an aggravated felony, *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B), the Department of Homeland Security initiated removal proceedings against Yar.

Yar sought relief from removal, and an immigration judge granted deferral of removal under the Convention Against Torture. The immigration judge concluded that it was more likely than not that the government of South Sudan, led by the majority Dinka tribe, would torture Yar based on his membership in the minority Nuer tribe and his relationship to his father. Yar's father was an advocate for South Sudanese independence who died under suspicious circumstances in 2006. The immigration judge found that "there are gross, flagrant, and mass violations of human rights . . . occurring in South Sudan." The IJ predicted that (1) Yar would be identified as his father's son on his return to South Sudan, (2) Yar would be detained or imprisoned for some amount of time, and (3) there was a chance that widespread ethnic conflict could erupt between the Nuer and Dinka tribes in South Sudan. On that basis, the immigration judge concluded that the South Sudanese government was likely to torture Yar if he were returned to the country.

The Department appealed to the Board. The Board sustained the appeal and vacated the immigration judge's decision. The Board concluded that "[c]onsidering the Immigration Judge's predictive findings of fact as to what harm might come to the respondent from all sources, as a matter of law, such harm, even in the aggregate, does not rise to the level of torture." The Board explained that an arrest and detention, without more, does not satisfy the definition of torture. The Board also concluded that a "chance" that ethnic cleansing and large-scale conflict would erupt falls short of meeting the requirement to prove that torture is more likely than not to occur.

-2-

Yar contends that the Board committed legal error by applying the wrong standard of review. Yar maintains that the immigration judge's conclusion that he was likely to suffer torture on return to South Sudan was a finding of fact that the Board must review for clear error.

The Board, however, accepted the immigration judge's factual findings on what events would or might occur in South Sudan and only then reviewed *de novo* whether the predicted future acts or events would constitute "torture." The definition of torture is a legal issue, *Lasu v. Barr*, 970 F.3d 960, 966 (8th Cir. 2020), and whether a predicted factual outcome meets the definition of "torture" is a question of law that the Board properly considers *de novo*. 8 C.F.R. § 1003.1(d)(3)(ii); *Cruz-Quintanilla v. Whitaker*, 914 F.3d 884, 890-91 (4th Cir. 2019); *Matter of R-A-F-*, 27 I. & N. Dec. 778, 779 (A.G. 2020). This is not a case where the Board rejected an immigration judge's factual findings and must therefore justify a conclusion that the judge clearly erred. *Cf. Alvarez-Gomez v. Garland*, 56 F.4th 582, 592 (8th Cir. 2022); *Chuor v. Garland*, 43 F.4th 820, 823-24 (8th Cir. 2022); *Abdi Omar v. Barr*, 962 F.3d 1061, 1064 (8th Cir. 2020).

We see no error in the Board's legal conclusion that Yar failed to establish a likelihood of torture on return to South Sudan. Torture "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2). The Board correctly determined that a likelihood of detention or imprisonment by itself does not amount to torture. *Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005); *cf. He v. Garland*, 24 F.4th 1220, 1225 (8th Cir. 2022). Nor does "a consistent pattern of gross, flagrant, or mass violations of human rights" in a country establish likely torture without evidence that the particular alien is likely to suffer abuse. *Ademo v. Lynch*, 795 F.3d 823, 831 (8th Cir. 2015) (internal quotation omitted). The Board correctly determined that an indeterminate "chance" of future upheaval or ethnic cleansing is insufficient to meet the legal standard of

"more likely than not" under the regulations implementing the Convention. *See Lasu*, 970 F.3d at 968.

For these reasons, we conclude that the Board applied the proper standard of review to the immigration judge's decision and did not err in vacating the grant of relief. The petition for review is denied.

_____