# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2048
_____

Roosevelt Bartu, Jr.

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: August 6, 2025
Filed: August 14, 2025
[Unpublished]
_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Liberian citizen Roosevelt Bartu petitions this court for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA). This court ordered supplemental briefing on whether the BIA erred in denying Bartu's motion to accept an untimely brief, and improperly delegated its discretion to decide the motion to a paralegal, without the involvement of a BIA member. Having

considered the parties' submissions, and having jurisdiction under 8 U.S.C. § 1252(a), this court grants the petition and remands to the BIA.

Bartu was admitted to the United States as a lawful permanent resident in 2015. He was later convicted in Minnesota of first-degree robbery and misdemeanor domestic assault, and the Department of Homeland Security began removal proceedings based on 8 U.S.C. §§ 1227(a)(2)(A)(i), 1227(a)(2)(A)(iii), and 1227(a)(2)(E)(i). An immigration judge (IJ) sustained the removability charges, and in April 2024, entered a partial adverse credibility determination, and denied Bartu asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Bartu appealed the decision to the BIA; the BIA affirmed the removability determination, and remanded the case to the IJ for further consideration of both Bartu's credibility, and the IJ's withholding-of-removal analysis in light of new evidence involving the circumstances surrounding Bartu's robbery conviction. On remand, the IJ appeared to fully credit Bartu's testimony, found that Bartu was ineligible for withholding of removal because his robbery conviction qualified as a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii), and concluded in the alternative that he was not entitled to the relief on the merits.

Bartu filed a notice of appeal with the BIA, indicating on the administrative appeals form that he was challenging the IJ's determination that the robbery conviction qualified as a particularly serious crime, the alternative finding that he was not eligible for withholding of removal on the merits, and the finding in the IJ's April 2024 decision that he was ineligible for CAT protection. Bartu's counsel also checked the box on the form indicating he intended to file a separate written brief. Counsel filed a brief on the last day of the period the BIA set for filing; however, 6 days after the deadline, he realized he had mistakenly filed the wrong brief, and sought to rectify the error. Counsel filed an unopposed motion to strike the filed brief and accept a late brief, explaining the error in a sworn declaration and emphasizing that, had he needed to extend the deadline to file a brief, he would have timely filed a motion to extend the deadline, rather than timely filed the wrong brief only to later request the agency accept a late-filed brief.

-2-

On April 10, 2025, the agency denied Bartu's motion to accept a late-filed brief in an unsigned Notice of Action issued from the BIA clerk's office. The notice, which cited 8 C.F.R. § 1003.3(c)(1), reasoned that Bartu's rationale for requesting acceptance of an untimely brief was "insufficient" and did not warrant the BIA's exercise of discretion. Bartu filed objections to the notice and a second motion to accept his late-filed brief. On May 23, 2025, the BIA declined to consider Bartu's second motion to accept the late-filed brief and summarily dismissed Bartu's appeal. Citing 8 C.F.R. §§ 1003.1(d)(2)(i)(A) and (d)(2)(i)(E), the BIA reasoned that Bartu's notice of appeal failed to apprise it of his challenges to the IJ's decision, and Bartu had checked the box on the appeal form indicating he would be submitting a brief but failed to either do so or explain the failure to do so within the time set for filing. As to his second motion to accept the late-filed brief, the BIA summarized and affirmed the reasoning in the agency's April 10 notice, and declined to consider the second motion because the notice had stated that no further motions would be considered. Bartu petitioned this court for review.

This court has jurisdiction to review constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D) (criminal alien bar does not preclude review of constitutional claims and questions of law); Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020). Whether the BIA provided an adequate explanation for its decision, and followed its own regulations, are questions of law. See Davis v. Garland, 91 F.4th 1259, 1261 (8th Cir. 2024); Abdi Omar v. Barr, 962 F.3d 1061, 1064 (8th Cir. 2020).

This court concludes that the BIA abused its discretion in denying and declining to consider Bartu's motions to submit a late-filed brief, and summarily dismissing his appeal. See Zetino v. Holder, 622 F.3d 1007, 1012–13 (9th Cir. 2010) (BIA's management of briefing schedule under § 1003.3(c)(1) is reviewed for abuse of discretion); Holder v. Gonzales, 499 F.3d 825, 828 (8th Cir. 2007) (BIA abuses its discretion if it issues a decision "without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or fails to consider all factors presented by the alien or distorts important aspects of the claim").

The relevant regulations provide that the BIA may, upon written motion, consider a brief filed out of time, see 8 C.F.R. § 1003.3(c)(1); and a "single Board member" may grant an unopposed motion and adjudicate "other procedural or ministerial issues," see 8 C.F.R. § 1003.1(e)(2). Additionally, BIA members "shall exercise their independent judgment and discretion." See 8 C.F.R. § 1003.1(d)(1)(ii). In this case, the record indicates that a non-Board member adjudicated Bartu's first motion to accept an out-of-time brief; and the BIA then declined to consider the second motion, citing the reasoning set forth in the April 10 notice. See Garcia-Mata v. Sessions, 893 F.3d 1107, 1109 (8th Cir. 2018) (agency adjudicating rights of individuals must follow its own procedures and regulations). There is no clear indication the BIA considered, inter alia, that the motion to file an out-of-time brief was unopposed, or that counsel timely filed an incorrect brief; moved, just 6 days after the filing period, to correct the error; and presented documentation under oath stating that he had not edited the brief since the filing deadline. Without further explanation by the BIA, we are unable to determine whether it exercised its authority to consider a motion to submit a late-filed brief, or even recognized its independent authority to consider and accept an untimely brief. See id. (in rendering agency decision subject to judicial review, BIA must describe its reasoning with such clarity as to be understandable); see also Davis, 91 F.4th at 1261–62 (holding failure to reference filings or provide adequate explanation for reasoning did not meet requirements for adequately reasoned decision-making); Gutierrez-Almazan v. Gonzales, 491 F.3d 341, 344 (7th Cir. 2007) (BIA's statement that it found petitioner's reason for granting motion to file untimely brief "insufficient . . . in [its] exercise of discretion" was inadequate to enable appellate court to perform meaningful review; BIA gave appellate court no indication it took account of factors relevant to merits of motion).

As to the portion of the order dismissing Bartu's appeal, while the BIA stated that Bartu failed to apprise it of his specific challenges, the record shows that the notice of appeal identified his grounds for appeal; moreover, the BIA's observation that Bartu failed to either timely file an appellate brief, or explain the failure to do so, again draws into question whether it was aware of its authority to consider and

accept an untimely brief. We thus conclude that the BIA's dismissal of Bartu's appeal failed to offer a rational explanation sufficient to enable this court to conduct any meaningful review. See Davis, 91 F.4th at 1262; Clifton v. Holder, 598 F.3d 486, 494 (8th Cir. 2010) ("Regardless of how the BIA exercises its discretion, 'it must provide adequate reasons for doing so, thereby furnishing this Court with a meaningful opportunity to review. . . .'") (citation omitted).

This court expresses no view on the merits of the administrative appeal. Instead, the case will be remanded to the BIA for consideration of whether Bartu's motions to accept a late-filed brief warrant a favorable exercise of the BIA's discretion, and for a decision that announces terms sufficient to enable this court "to perceive that [the BIA] has heard and thought and not merely reacted." See Camacho v. Whitaker, 910 F.3d 378, 381 (8th Cir. 2018) (quotation marks and citation omitted).

The petition for review is granted, and the case is remanded for further proceedings consistent with this opinion.

_____