**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FELIPE GARCIA GOMEZ; CIRA NILA
HERRERA,

                *Petitioner,*

        v.

ALBERTO R. GONZALES, Attorney
General,

                *Respondent.*

No. 06-70941

Agency Nos.
A95-443-614
A95-443-615

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2007*
San Francisco, California

Filed August 21, 2007

Before: Diarmuid F. O'Scannlain, Michael Daly Hawkins,
and Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

10195

## COUNSEL

Susan E. Hill, Hill, Piibe & Villegas, Los Angeles, California, for the petitioners.

Peter D. Keisler, M. Jocelyn Lopez Wright, and Andrew B. Insenga, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

## OPINION

PER CURIAM:

Felipe Garcia Gomez and Cira Nila-Herrera ("the Garcias"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion for leave to file a late brief and denial of their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D).

The Garcias submitted supporting declarations explaining that their brief was late due to the mail carrier's failure to deliver the notice of the briefing schedule to the correct address. Denying the Garcias' motion, the BIA conclusorily reasoned: "We find the reason stated by the respondents insufficient for us to accept the untimely brief in our exercise of discretion."

[1] Although the BIA recognized its discretion to grant the motion, *see* 8 C.F.R. § 1003.3b(b)(1) ("The [BIA], upon written motion, may extend the period for filing a brief . . . for up to 90 days for good cause shown.")), its order did not offer "some reasoned explanation" for denying the motion, *Oh v. Gonzales*, 406 F.3d 611, 613 (9th Cir. 2005). The BIA's order is thus inadequate for us to perform any meaningful appellate review. "Immigration judges, although given significant dis-

cretion, . . . must indicate how they . . . arrived at their conclusion." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) (internal quotations and brackets omitted)).

**[2]** We agree with the approach taken by the Seventh Circuit addressing an identically worded BIA order, denying a motion to accept a late-filed brief. *See Gutierrez-Almazan v. Gonzales*, ___ F.3d ___, 2007 WL 1774027, at *2-3 (7th Cir. Jun. 21, 2007). The Seventh Circuit held that the BIA's "sparse ruling was inadequate to enable [the court of appeals] to perform any meaningful review," explaining that the BIA's decision provided "no indication that it took account of . . . [any] factors that might be relevant to the merits of the motion." *Id.* at *3. We are similarly "unable to determine from the BIA's conclusory statement whether it abused its discretion by refusing to accept [the Garcias'] late brief." *See id.* We therefore remand the petition to the BIA.

Because the BIA could reach a different conclusion on its hardship determination if it considers the Garcias' brief on remand, we do not reach the Garcias' other legal or constitutional claims.

**REMANDED**.