**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ENRIQUE JAIME RAMIREZ; CLAUDIA JENNYFER JAIME FRAGOSO,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-71545

Agency Nos. A079-536-069
A079-536-070

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2011
Pasadena, California

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Enrique Jaime Ramirez petitions for review of the Board of Immigration

Appeals' (BIA) denial of his application for cancellation of removal and his motion

for remand. He argues that the BIA erred in holding that he was ineligible for

cancellation of removal under 8 U.S.C. § 1227(a)(2)(E) because he "was convicted

of a crime of domestic violence (infliction of corporal injury on a spouse)."

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the agency's reasoning is not clear, we grant the petition, vacate the BIA's decision and remand. *See Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam).

In its decision, the BIA failed to give a reasoned basis for its determination that Jaime Ramirez's conviction qualifies as a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E). The BIA does not identify the crime of conviction it relied upon, which is problematic because the immigration judge's decision referenced a 1997 "convict[ion] for a crime of domestic violence in violation of Section 273.5 of the California Penal Code," but the record reflects that Jaime Ramirez's only 1997 conviction was under § 273.55, not § 273.5. Further, the BIA does not make clear whether it reached its decision based on a categorical or modified categorical analysis. If the latter, the BIA should identify the evidence in the record of conviction that it relies upon. *See Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004) ("[T]he record of conviction[] includ[es] the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." (internal quotation marks omitted)). If the former, it should clarify how the crime of conviction categorically falls within the § 1227(a)(2)(E)(i) provisions – for example, "a current or former spouse . . . an individual similarly situated to a spouse . . . [or] a person who is protected from that individual's acts

2

under the domestic or family violence laws of the United States or any state . . . ."

8 U.S.C. § 1227(a)(2)(E)(i).

Because we cannot discern the basis for the BIA's decision, we accept the government's suggestion to remand for a clearer explanation. *See Eneh v. Holder*, 601 F.3d 943, 947-48 (9th Cir. 2010) (remanding to the BIA "for a clearer explanation of its decision" where its "sparse reasoning was inadequate to enable [the Court of Appeals] to perform any meaningful review" (internal quotation marks omitted)).

Jaime Ramirez's petition for review was consolidated with that of his daughter, Claudia Jennyfer Jaime Fragoso (Jennyfer). Jennyfer has appealed the BIA's refusal to remand her application for cancellation of removal in light of her mother becoming a legal permanent resident (LPR) and therefore a new qualifying relative for purposes of Jennyfer's cancellation application. 8 U.S.C. § 1252(a)(2)(B)(i) generally strips the court of jurisdiction to review a "[discretionary] judgment regarding the granting of [cancellation of removal]." *Fernandez v. Gonzalez*, 439 F.3d 592, 594 (9th Cir. 2006) (alterations in original; internal quotation marks omitted). In this case, however, the IJ did not reach the hardship question or consider any evidence thereof because she preemptively found there was no qualifying relative whose hardship could be considered.

Jennyfer's motion to reopen, therefore, is materially different from the circumstances addressed in *Fernandez*. *See id*. at 595 (holding no jurisdiction to review denial of motion to reopen where IJ made an initial hardship determination and petitioner sought only to introduce additional, cumulative evidence of hardship). Here, Jennyfer sought to reopen only because of her mother's change of status to a qualifying relative, to present new, noncumulative evidence of hardship the IJ had not considered. We therefore have jurisdiction, grant her petition and remand to the BIA to consider these changed circumstances and hardship evidence. If the BIA grants relief to Jaime Ramirez, it should also consider how that affects relief for Jennyfer.

The panel will retain jurisdiction over any subsequent appeals in this matter.

**GRANTED and REMANDED.**