**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS CANO-PEREZ; GUADALUPE ARACELI AGUILAR-PEREZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74591 <br><br> Agency Nos. A075-618-779 <br> A075-623-227 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Jose Luis Cano-Perez and Guadalupe Araceli Aguilar-Perez, natives and

citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to remand and dismissing their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006), and due process claims, *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004). We review for abuse of discretion the denial of a motion to accept a late-filed brief. *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam). We deny the petition for review.

The agency properly concluded that petitioners were ineligible for cancellation of removal for failure to show good moral character. *See* 8 U.S.C. § 1229b(b)(1)(B). Contrary to petitioners' contention, their testimony established that each had been convicted of crimes involving moral turpitude. *See* 8 U.S.C. § 1101(f)(3) (an alien who has been convicted of a crime involving moral turpitude ("CIMT") is barred from showing good moral character); *Flores Juarez v. Mukasey*, 530 F.3d 1020, 1022 (9th Cir. 2008) (per curiam) (petty theft is a CIMT); *Matter of Garcia-Hernandez*, 23 I. & N. Dec. 590, 594-96 (BIA 2003) (petty offense exception is only available for one CIMT).

The BIA did not abuse its discretion in denying petitioners' motion to remand based on ineffective assistance of counsel where they failed to establish prejudice resulting from their former counsel's representation. *See Munoz v.*

*Ashcroft*, 339 F.3d 950, 954-55 (9th Cir. 2003) ("Prejudice results when 'the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.'").

The BIA also did not abuse its discretion in denying petitioners' motion to file a late brief where it acknowledged petitioners' reasons for the delay and concluded the reasons were insufficient to warrant an exercise of discretion. *See* 8 C.F.R. § 1003.3(c)(1); *Garcia Gomez*, 498 F.3d at 1051.

**PETITION FOR REVIEW DENIED.**