FILED

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THIEN THAT TON, | No. 09-73022 |
| Petitioner, | Agency No. A079-867-721 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2012
San Francisco, California

Before: McKEOWN and N.R. SMITH, Circuit Judges, and BENITEZ, District
Judge.[**]

Thien That Ton, a native and citizen of Vietnam, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT)[1] on the basis that Ton failed to establish past persecution and a well-founded fear of future persecution on account of a protected ground. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny in part, and remand.

The BIA's determination that the inflicted economic harm on Ton and his family did not rise to the level of past persecution is supported by substantial evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185-86 (9th Cir. 2006).

The BIA, however, failed to consider Ton's separate claim that he feared future persecution on account of his refugee status and his anti-communist activities in the United States. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) ("In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution."). The BIA's order fails to provide a reasoned explanation for rejecting Ton's fears of future persecution regarding this claim. We are therefore unable to perform any meaningful review. *See Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam) (noting that "the BIA's sparse ruling was inadequate to enable

---

[1] Ton does not raise any arguments in his opening brief regarding the BIA's denial of his CAT claim, thus it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed waived).

the Court of Appeals to perform any meaningful review, [because] the BIA's decision provided no indication that it took account of any factors that might be relevant to the merits of the motion" (internal quotation marks and alterations omitted)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions.").

Because the BIA failed to consider Ton's specific claim concerning future persecution, we grant his petition for review as to this issue and remand to the BIA for further proceedings consistent with this opinion. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.**