**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAJINDER KAUR, | No. 11-71954 |
| Petitioner, | Agency No. A097-126-224 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Tajinder Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider any contentions by Kaur regarding her membership in a particular social group of "Indian women who are resistant to forced marriage" because she did not exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Kaur presented evidence police in India beat, detained, and sexually assaulted her, and that they have continued to look for her after she came to the United States. She also presented evidence that police were and are interested in her because of her ties to her brother, who they accuse of helping terrorists, and because one police officer wants to marry her and promised to make her life and her family's lives miserable after Kaur refused.

Substantial evidence does not support the agency's determination that Kaur failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Ratnam v. INS*, 154 F.3d 990, 995-96 (9th Cir. 1998) (concluding detention and mistreatment of the petitioner was based, at least in part, on imputed political opinion).

Further, the agency failed to conduct an individualized analysis when it found that, even if Kaur established past persecution on account of a protected ground, her presumption of future persecution was rebutted by a fundamental change in circumstances in India. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (the "BIA must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation").

The agency also erred in relying on Kaur's mother remaining unharmed in India, because Kaur's mother is not similarly situated to Kaur. *See Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008) ("the well-being of others . . . is only relevant when those others are similarly situated to the petitioners").

Finally, we remand Kaur's CAT claim because the BIA did not explain its reasons for denying it. *See Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (remanding where the "BIA's order [was] inadequate for [the court] to perform any meaningful appellate review"). On remand, the BIA should consider, among other things, Kaur's past sexual assault and the on-going threats from police officers.

Thus, we grant the petition for review and we remand Kaur's claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs of this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**