**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE LUIS URISTA GUERRA,

        Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

        Respondent.

No.   15-70649

Agency No. A205-405-900

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2018
Pasadena, California

Before: BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,[**] District Judge.

    José Luis Urista-Guerra (Urista-Guerra) has applied for withholding of

removal and protection under the regulations implementing the Convention

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

/Panel

Against Torture (CAT). The Immigration Judge (IJ) denied Urista-Guerra's

applications. The Board of Immigration Appeals (BIA) summarily dismissed

Urista-Guerra's appeal, pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), (E), after he

indicated that he would file a brief and failed to timely do so. He then filed a

petition for review in this court, which we deny.

Because the BIA dismissed Urista-Guerra's appeal on procedural grounds,

this court's jurisdiction is limited to review of the BIA dismissal itself. *Singh v.

Ashcroft*, 361 F.3d 1152, 1156 (9th Cir. 2004). Thus, we cannot address the claims

Urista-Guerra has raised regarding proceedings before the IJ. We review the

BIA's summary dismissal to determine whether it violates Urista-Guerra's Fifth

Amendment right to a fair appeal. *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753

(9th Cir. 2004). Summary dismissal is appropriate only if the petitioner has failed

to provide the BIA with "meaningful guidance," either in his Notice of Appeal or

in a separate brief. *Id.* at 752; *Casas–Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir.

2002). Urista-Guerra provided the BIA with no such guidance.

On September 29, 2014, Urista-Guerra filed a Notice of Appeal with the

BIA *pro se*. His allegations read:

The immigration judge denied my case based on my medical records. He

did not give my [*sic*] time to turn in all my evidence for review. My court

was cancelled on 9/23/2014 wich [*sic*] did not allow me a chance to turn in my evidence and simply defend myself. I have evidence to defend myself in front of a judge that is going to review my case throughlly whit [*sic*] all the evidence I am able to present.

Urista-Guerra also checked a box to indicate that he would file a separate written brief. However, he failed to timely file this brief, despite the BIA twice extending the briefing deadline by a total of six weeks at Urista-Guerra's request. On January 29, 2015—fifteen days after the briefing deadline—Urista-Guerra filed a one-sentence Motion for Consideration of a Late-Filed Brief, to which he attached medical documents but not a brief. He submitted a brief, containing mostly boilerplate legal arguments not relevant to his case, one day later.

We first consider whether the BIA should have accepted Urista-Guerra's brief. The BIA has discretion to accept or reject a brief filed out of time, but must give "some reasoned explanation" to indicate how it "arrived at [its] conclusion." *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (internal quotation and citation omitted). We review this decision only for abuse of discretion. *See id.* Here, the BIA wrote that "the medical documents, without more, do not establish how a medical reason prevented [Urista-Guerra] from filing earlier." As this explanation demonstrates, the BIA sufficiently engaged with the

/Panel                                    3

documents Urista-Guerra submitted in support of his motion.  We thus hold that the BIA did not abuse its discretion in declining to consider Urista-Guerra's late-filed brief.

As Urista-Guerra failed to file a brief, the BIA's summary dismissal was proper if Urista-Guerra's Notice of Appeal also failed to provide the Board with "meaningful guidance" as to the claims he intended to pursue on appeal.  *Garcia-Cortez,* 366 F.3d at 752.  Although we construe such *pro se* notices liberally, the notice must be sufficient to "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why."  *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir.1985).

Urista-Guerra's notice is not sufficient.  It does not identify what evidence the IJ did not allow him a chance to turn in, and cites to a cancelled court date which was to occur six days *after* the IJ issued his decision.  At oral argument, Urista-Guerra suggested that this additional evidence may have been documentation of his service in the Mexican miliary.  However, Urista-Guerra testified before the IJ that he had no such documents in his possession, and suggested that they may not be obtainable.  Moreover, Urista-Guerra made no mention of these military documents in the notice he submitted to the BIA.  The BIA is not required to "search through the record and speculate on what possible

errors the [petitioner] claims" or "decipher general statements of error, unsupported by specific factual or legal references." *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) (citing *Matter of Valencia*, 19 I. & N. Dec. 354, 355 (BIA 1986)).

**PETITION FOR REVIEW DENIED.**

/Panel  5