NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ENRIQUE DONAIRE-ALVARADO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-271 Agency No. A074-583-688 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Jose Enrique Donaire-Alvarado, a native and citizen of Honduras, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

an appeal from an order of an Immigration Judge ("IJ") denying withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1.      The BIA did not abuse its discretion in rejecting Donaire's late-filed brief but nonetheless addressing the issues framed in his Notice of Appeal ("NOA").  *See Zetino v. Holder*, 622 F.3d 1007, 1012–14 (9th Cir.  2010).  The BIA may reject an untimely brief, *see* 8 C.F.R. § 1003.3(c)(1), by providing "some reasoned explanation" for doing so, *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (cleaned up).  The BIA rejected Donaire's motion for late filing because Donaire "attributes the lateness of the filing to an 'oversight,' which is an inadequate justification for the late filing."  This explanation is sufficient.  *See Zetino*, 622 F.3d at 1010–11 (BIA rejected late brief where "reasons stated by the respondent" were "insufficient for it to accept an untimely brief in its exercise of discretion.") (cleaned up).

2.      The BIA did not err in rejecting Donaire's claim that the IJ was biased. Bias involves "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Vargas-Hernandez v. Gonzalez*, 497 F.3d 919, 926 (9th Cir. 2007); *see also Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) (even "harshly expressed and excessive frustration" with a petitioner insufficient to establish bias when "the IJ held a complete hearing and made a thorough decision").  Donaire has not established any favoritism or antagonism.

3.     The BIA did not err in upholding the IJ's determination that Donaire's 2018 conviction for hiring, offering to hire, or agreeing to hire a prostitute between the ages of thirteen and sixteen constituted a particularly serious crime barring withholding under the Immigration and Nationality Act ("INA") and the CAT. Donaire's NOA merely stated that the IJ "made an error of law and fact," without providing further detail. The BIA correctly found that this conclusory statement failed to identify "any clear error of fact or legal error in the Immigration Judge's analysis." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (a "conclusory statement" that "merely asserts that the IJ erred" does not "meaningfully challenge the IJ's decision on appeal").

In any event, the IJ's finding that the conviction constituted a particularly serious crime was not an abuse of discretion. *See Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022) ("Deciding whether an offense constitutes a particularly serious crime involves the exercise of discretion. . . ."). In reviewing a particularly serious crime determination, this Court is "limited to ensuring that the agency relied on the appropriate factors," which include "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Id.* (cleaned up). The IJ considered those factors, reviewed the facts and circumstances of the crime described in a

probable cause report, recognized that Donaire pleaded guilty, and emphasized the "scourge" of underage prostitution.

Donaire now challenges the IJ's reliance on the probable cause report because he did not have the opportunity to cross-examine the author. But he did not object before the IJ to the introduction of the report, and did not raise this argument in his NOA or late-filed BIA brief.[1] It is therefore unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

4. Even if Donaire's conviction did not bar INA withholding, substantial evidence supports the agency's decision that he failed to establish a "causal nexus" between feared harm and membership in a particular social group. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Although families can be cognizable social groups, *see id.* at 1025, Donaire did not show that he was previously persecuted, or that he would more likely than not be persecuted in the future, because of his family membership. To the contrary, he testified that no family member has been harmed since 2012 and that his sister still lives in Honduras. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021) (claim of

---

[1] The government argued failure to exhaust in its answering brief, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (exhaustion "is subject to waiver and forfeiture"), and did not forfeit the issue simply because it alternatively addressed Donaire's argument on the merits.

persecution based on family group undermined by family members remaining in Honduras unharmed).

5.     Substantial evidence also supports the denial of CAT relief. An applicant seeking CAT relief must demonstrate "that it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2); § 1208.17(a). Donaire has not shown previous torture or a likelihood that torture would occur with the consent or acquiescence of government officials if he were removed. 8 C.F.R. § 1208.18(a)(2); *see Santos-Ponce*, 987 F.3d at 891 (evidence of "generalized violence in Honduras" and that an uncle was "killed for unspecified reasons" insufficient to establish likelihood of torture). To the contrary, he testified that he did not know why any gang would threaten him, and that "the police came to file a report" after his brother was killed. And, the country reports support the IJ's conclusion "that law enforcement in Honduras is quite active against the gangs and criminals."

**PETITION FOR REVIEW DENIED.**