**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.H., | No. 23-1483 |
| Petitioner, | Agency No. A095-570-707 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Petitioner seeks review of a decision by the Board of Immigration Appeals

(BIA) affirming the Immigration Judge's (IJ) denial of her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252. When, as here, the BIA

conducts its own review of the evidence and law rather than adopting the IJ's

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision, "our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Soriano-Vino v. Holder*, 653 F.3d 1096, 1099 (9th Cir. 2011) (quotation marks and citation omitted). Reviewing the BIA's factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we grant the petition in part and remand.

1.      With respect to her asylum claim,[1] Petitioner does not allege past persecution. Consequently, the burden remains on her to prove a well-founded fear of future persecution. *See Hussain v. Rosen*, 985 F.3d 634, 645–46 (9th Cir. 2021). To be well-founded, Petitioner's "fear of persecution must be both subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004). A petitioner can satisfy the subjective component by credibly testifying that she genuinely fears future persecution. *Id*. The objective component can be satisfied by showing "[e]ven a ten percent chance that the applicant will be persecuted in the future." *Id.* at 925 (quoting *Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir. 2004)). Lastly, Petitioner must also demonstrate that she cannot avoid future persecution by reasonably relocating

---

[1] The government has waived the argument that Petitioner's asylum application was untimely. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) (arguments not raised in answering brief are considered waived).

within her country of origin. *See Singh v. Garland*, 97 F.4th 597, 606 (9th Cir. 2024). Here, Petitioner contends that she will be persecuted in her home country of Armenia on account of her abusive former husband and her sexual orientation. The BIA found that Petitioner subjectively feared her former husband, but that this fear was not objectively reasonable. In support, the BIA relied on evidence that indicated Petitioner's former husband does not appear to have a continued interest in harming her. Said differently, the BIA found that Petitioner was not even "ten percent" likely to be harmed by her former husband in Armenia. *Canales-Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir. 2006) (quoting *Sael*, 386 F.3d at 925). Substantial evidence supports this conclusion. *See, e.g.*, *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995).

However, with respect to Petitioner's fear of harm on account of her sexual orientation, the BIA lost its footing. The BIA stated that Petitioner has not established that her fear of future persecution on account of her sexual orientation is objectively reasonable. But instead of citing to record evidence or adopting portions of the IJ's order in support of this statement, the BIA proceeded to explain that Petitioner would be able to avoid persecution by relocating within Armenia. It is unclear whether the BIA denied Petitioner's claim on the ground that she is unlikely to be persecuted in Armenia—because there is a less than ten percent likelihood of harm rising to the level of persecution anywhere in the country—or

because she could reasonably relocate within Armenia to reduce the risk of persecution from above ten percent to below ten percent.  To the extent it meant the latter, the decision is not supported by substantial evidence because the record compels the conclusion that the risk of harm Petitioner faces due to her sexual orientation is the same country-wide, and not limited to one geographic area.[2]  We cannot conduct a proper review of the BIA's order when the basis of the decision is unclear.  *See, e.g.*, *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) ("[T]he BIA's sparse ruling was inadequate to enable [the Court of Appeals] to perform any meaningful review." (internal quotation marks omitted)); *Franco– Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) ("In order for the court to exercise our limited authority, there must be a reasoned explanation by the BIA of the basis for its decision.").  We therefore grant Petitioner's request to review her claim for asylum and remand to the BIA for further proceedings.

2.      A petitioner is entitled to withholding of removal if she can establish a clear probability that her life or freedom will be threatened upon return to her

---

[2] The country conditions evidence about treatment of LGBTQ people discusses Armenia as a whole.  For example, a Human Rights Watch report on Armenia revealed that "90% of the population is hostile" to LGBTQ people and "support limits on their rights."  An Amnesty International report found that "[h]omophobia and transphobia are deeply ingrained in the society in Armenia," and that LGBTQ people "face discrimination in all areas of life, including education, housing, employment, and when accessing healthcare."  Another report found "homophobia to be widespread and deeply ingrained in Armenian society."

home country on account of "race, religion, nationality, membership in a particular social group, or political opinion." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007)). The clear probability standard for withholding of removal is more stringent than the well-founded fear standard for asylum because withholding of removal is a mandatory form of relief. *Ahmed*, 504 F.3d at 1199. Here, the BIA affirmed the IJ's denial of Petitioner's application for withholding of removal because it affirmed the IJ's denial of her application for asylum. Accordingly, because the grounds for denying asylum are unclear and the withholding denial was premised on the asylum denial, we also remand for further proceedings on Petitioner's withholding claim.

3.     With respect to her application for relief under CAT, Petitioner bears "the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioner did not suffer past torture in Armenia, and there is nothing in the record to show that she is likely to suffer torture should she return to Armenia. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("Demonstrating torture requires a much greater showing of harm than demonstrating persecution, itself an extreme concept.") (cleaned up). Substantial evidence also supports the BIA's finding that Petitioner

failed to submit sufficient evidence to show that any future harm would be inflicted with the requisite degree of state action. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Accordingly, we affirm the BIA's denial of Petitioner's claim for CAT relief.

**PETITION GRANTED IN PART AND REMANDED.**