# United States Court of Appeals
## For the First Circuit

No. 24-1921

ELDI LÓPEZ-GÓMEZ; M.S.L,

Petitioners,

v.

PAMELA J. BONDI,
Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Rikelman and Aframe, <u>Circuit Judges</u>,
and Elliott,[*] <u>District Judge</u>.

<u>Todd C. Pomerleau</u>, with whom <u>Jeffrey B. Rubin</u> and <u>Rubin Pomerleau PC</u> were on brief, for petitioners.

<u>Taryn L. Arbeiter</u>, with whom <u>Yaakov M. Roth</u>, Acting Assistant Attorney General, and <u>Leslie McKay</u>, Assistant Director, were on brief, for respondent.

September 22, 2025

---

[*] Of the District of New Hampshire, sitting by designation.

**AFRAME**, <u>Circuit Judge</u>.   In this petition for review of a removal order, we consider whether the Board of Immigration Appeals ("BIA") abused its discretion by declining to consider the late-filed brief of petitioner Eldi López-Gómez ("López"), a citizen of Guatemala.   We conclude that the BIA's lack of explanation after the petitioner presented a plausible reason for the brief's untimeliness warrants a remand.

The relevant facts are as follows.   After an immigration judge denied López's applications for asylum, withholding of removal, and protection under the Convention Against Torture, López filed a form notice of appeal with the BIA.[1]   On that form, she indicated her intention to file a brief in support of her appeal and listed several grounds that she intended to raise.

In due course, the BIA issued a briefing order establishing June 3, 2024, as the filing date for López's brief. López, through counsel, filed her brief on the due date using the agency's electronic filing system; inadvertently, however, she made a technological error by filing the brief with the immigration court instead of the BIA.   The immigration court rejected López's brief three weeks later, noting that it had been filed in the wrong

---

[1]   López's minor daughter was listed as a derivative beneficiary of her asylum application.   <u>See</u> <u>Cabrera</u> v. <u>Garland</u>, 100 F.4th 312, 315 n.1 (1st Cir. 2024).   Our disposition of López's petition necessarily resolves the derivative asylum application, and so we do not separately discuss it.   <u>See</u> <u>id.</u>

venue.  López's counsel refiled her brief with the BIA on the same day.

Three days later, on June 24, 2024, the BIA rejected López's brief as untimely and noted that López should file a motion for consideration of a late-filed brief.  López's counsel complied, filing a motion later that day which explained that the "brief [had been] timely filed" using the electronic filing system, but "due to a technical error" by counsel, had been submitted to the immigration court rather than the BIA.  López requested that the BIA accept the brief despite the error.

On June 28, 2024, without the government having filed an opposition, the BIA issued a "Notice of Action" on López's motion.  The unsigned notice, which the government describes as a "clerk-issued procedural order[]," stated, in full, as follows:

> The request to accept [the] late filed brief is denied.  The rationale stated by the respondent is insufficient to accept the late filed brief.  The request does not warrant the Board of Immigration Appeals' exercise of discretion.  8 C.F.R. § 1003.3(c)(1).  The brief is returned.  No additional motions to accept the late filed brief will be considered.  No motion to reconsider this denial will be considered.

Thereafter, a one-member panel of the BIA dismissed López's appeal, adopting and affirming the immigration judge's decision and stating that the grounds for appeal that López had listed in the notice-of-appeal form were "waived . . . because

- 3 -

they were not renewed or further developed in any brief or separate statement filed by the respondents." The BIA stated that López had neither "file[d] such brief or statement, [n]or reasonably explained the failure to do so, within the time set for filing." No further elaboration was offered.

López timely petitioned this Court for review of the BIA's dismissal of her appeal, challenging, among other things, the denial of her motion to consider the late-filed brief as contrary to the agency's regulations. Whether the BIA followed its own regulations is a "question[] of law" which we have jurisdiction to review. 8 U.S.C. § 1252(a)(1), (a)(2)(D); see Lumataw v. Holder, 582 F.3d 78, 85 (1st Cir. 2009); see also Adeyanju v. Garland, 27 F.4th 25, 36-37, 51 (1st Cir. 2022). The principal regulation at issue is section 1003.3(c)(1), which permits the BIA, "[i]n its discretion," to "consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c)(1). Where a regulation affords the BIA discretion, we review only for whether the BIA abused that discretion. See Mazariegos v. Lynch, 790 F.3d 280, 285, 287 (1st Cir. 2015); see also Zetino v. Holder, 622 F.3d 1007, 1012-13 (9th Cir. 2010); Oluwajana v. Garland, 33 F.4th 411, 415-16 (7th Cir. 2022).

For us to "provide intelligent review," however, we must be able to discern why the agency made the decision that it did. Tillery v. Lynch, 821 F.3d 182, 185 (1st Cir. 2016). Thus,

"[w]hile the BIA need not spell out every last detail of its reasoning where the logical underpinnings are clear from the record, it is obligated to offer more explanation when the record suggests strong arguments . . . that the agency has not considered." Rivera-Medrano v. Garland, 47 F.4th 29, 39 (1st Cir. 2022) (citation modified). If "the BIA's explanation is too thin to allow us to evaluate the claims of error, we may find an abuse of discretion and remand to the BIA for further explanation." Adeyanju, 27 F.4th at 51; cf. Camacho v. Whitaker, 910 F.3d 378, 381 (8th Cir. 2018) (explaining the BIA's obligation to "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (quoting Camarillo-Jose v. Holder, 676 F.3d 1140, 1143 (8th Cir. 2012))).

A remand for the BIA to further explain -- and, if appropriate, reconsider -- its decision not to consider López's brief is necessary here. Although the Notice of Action recognized the BIA's discretion to grant López's motion, it provided no explanation for why López's motion did "not warrant the [BIA's] exercise of [that] discretion." And the decision dismissing López's appeal did not mention López's untimely attempt to file her brief and likewise offered no rationale except for the unadorned assertion that López had not "reasonably explained" her failure to file a brief "within the time set for filing."

The BIA's lack of explanation is particularly troubling because López's motion seems to present at least a colorable basis for the BIA to favorably exercise its discretion. The record indicates that López filed her brief electronically on the day that it was due but filed it in the wrong place. It also appears that López corrected the filing error on the day that she learned about it and filed a motion for the BIA to consider her brief on the day that she was alerted to the necessity for such a motion. The resulting delay was not extraordinary; rather, it was well within the period of extensions that the regulations authorize the BIA to grant in the ordinary course of proceedings. See 8 C.F.R. § 1003.3(c)(1). There is "no clear indication" that the BIA considered any of these facts, or the fact that the government filed no objection before the BIA clerk issued the short, unsigned denial. Bartu v. Bondi, No. 25-2048, 2025 WL 2364589, at *2 (8th Cir. Aug. 14, 2025) (per curiam); see Sihotang v. Sessions, 900 F.3d 46, 51 (1st Cir. 2018) ("So stark a failure to consider significant facts that appropriately bear on [a] discretionary decision . . . is perforce an abuse of discretion."). Nor is it clear that the single-member panel that dismissed López's appeal appreciated or considered any of these facts.

In short, our review of the record suggests that López committed a procedural error but acted diligently to correct it. There may have been valid reasons for the BIA to decline to

exercise its discretion to accept her brief, but we have no indication of what those reasons might be. In these circumstances, this lack of explanation constitutes an abuse of discretion. See Bartu, 2025 WL 2364589, at *2 (remanding for reconsideration of the denial of a motion to accept a late-filed brief because the BIA "failed to offer a rational explanation sufficient to enable this court to conduct any meaningful review"); Garcia Gomez v. Gonzales, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam) (similar); Gutierrez-Almazan v. Gonzales, 491 F.3d 341, 342-44 (7th Cir. 2007) (similar).

The BIA rejected Lopez's appeal primarily because she did not file a brief. We cannot predict how the BIA would have resolved Lopez's appeal if it had considered her brief, and therefore we do not address her other arguments challenging the immigration judge's rulings. See Garcia Gomez, 498 F.3d at 1051. We therefore **grant** the petition and **remand** for further consideration consistent with this opinion.