NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIANG CHEN,<br><br>                    Petitioner,<br><br>     v.<br><br>PAMELA BONDI, Attorney General,<br><br>                    Respondent. | No. 25-2<br><br>Agency No.<br>A097-518-996<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2025
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Qiang Chen, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals ("BIA") order summarily dismissing

his appeal. "We review for abuse of discretion the BIA's summary dismissal of an

appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). The

BIA must provide a reasoned explanation of the basis for its decision so that we

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

can exercise our limited authority to review it. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006). Here, the BIA failed to do so. We accordingly grant the petition and remand for reconsideration.

Chen's Notice of Appeal did not, on its own, sufficiently specify the reasons for his appeal. *See Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992). But Chen's brief, which was filed with the BIA one business day late, would have provided the requisite authority and details had the BIA accepted it.[1] Indeed, the Government filed a brief responding to Chen's brief on the merits. Nevertheless, the BIA summarily dismissed Chen's appeal for failing to specify the reasons for his appeal in his Notice of Appeal and for not filing a timely brief after indicating that he would do so, citing 8 C.F.R. §§ 1003.1(d)(2)(i)(A) and (E).

The BIA may summarily dismiss an appeal on the ground that a petitioner failed to file a timely brief after indicating that he would only if the petitioner has not "reasonably explain[ed]" that failure. 8 C.F.R. § 1003.1(d)(2)(i)(E). In a footnote in its summary dismissal order, the BIA stated that "[a] motion to accept

---

[1] In his declaration accompanying the "Motion for Consideration of Late-Filed Brief," Chen's counsel averred that he intended to file the brief with the online Executive Office for Immigration Review's Courts & Appeals System ("ECAS"), that "[t]he system is new[,] and because [he] could file the Notice of Appeal in the system, [he] thought that [he] could also file the Respondent's Brief through the system." His counsel further averred that he received notice that his brief was rejected by ECAS "after 5 p.m. and was therefore unable to mail the Brief the same day to arrive in a timely manner."

2                                                                    25-2

the late-filed brief was denied."[2]  Although that footnote referenced the BIA's

denial of Chen's motion to accept his late-filed brief, the regulatory standard

governing the BIA's rejection of an untimely brief does not require the BIA to

consider whether the petitioner offered a reasonable explanation for the late filing,

whereas the regulation governing the BIA's summary dismissal of the appeal does.

*Contrast* 8 C.F.R. § 1003.3(c)(1) (leaving consideration of a late-filed brief to the

BIA's discretion), *with id.* § 1003.1(d)(2)(i)(E) (allowing BIA to summarily

dismiss an appeal if the noncitizen "indicates . . . that he or she will file a brief or

statement in support of the appeal and, thereafter, does not file such brief or

statement, or reasonably explain his or her failure to do so, within the time set for

filing").  Thus, the footnote reference to the BIA's denial of the late-filed brief

does not imply that the BIA concluded that Chen's explanation was unreasonable.

Nor did the BIA's summary dismissal order otherwise provide any reasoning

that would allow for "meaningful appellate review."  *Garcia Gomez v. Gonzales*,

498 F.3d 1050, 1051 (9th Cir. 2007).  Moreover, the order did not even mention

that a petitioner can avoid summary dismissal under § 1003.1(d)(2)(i)(E) by

providing a reasonable explanation for the untimely filing, suggesting that the BIA

---

[2] The only explanation the BIA gave for its denial of Chen's motion to consider the late filed brief was: "The rationale stated by the respondent is insufficient to accept the late filed brief.  The request does not warrant the [BIA's] exercise of discretion.  8 C.F.R. §1003.3(c)(1)."

may have overlooked that aspect of the regulation.  *See Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010) (remanding because the record did not reflect "whether the BIA considered" the requisite regulatory factors), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

**PETITION GRANTED; REMANDED.**