NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MILLADO PICHAY,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4528<br><br>Agency No.<br>A203-223-199<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
Pasadena, California

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Victor Millado Pichay, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals ("BIA") decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. He also contends that the BIA abused its discretion and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated due process by denying him a second extension of time to file a brief and then refusing to accept his late-filed brief. Where, as here, the BIA issues a summary affirmance, we review the underlying decision of the immigration judge ("IJ"). *See, e.g.*, *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). For the following reasons, we deny the petition.

1.      The IJ correctly held that Pichay is not eligible for asylum because his proposed social group of "persons over the age of 50" in the Philippines is not cognizable. "Whether a particular social group is cognizable is a question of law that we review de novo," while "the issue of social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1042–43 (9th Cir. 2024) (citation modified). As the IJ found, there is no evidence in the record showing that Filipino society considers persons older than 50 as socially distinct. Pichay's failure to articulate a cognizable social group forecloses his eligibility for asylum. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021).

2.      Pichay also did not show that his feared inability to obtain any work due to age discrimination objectively rises to the level of persecution. He argues that the IJ erred by mischaracterizing his fear as not being able to obtain a "good job" rather than any job. Whether we review the IJ's ruling on this issue de novo or

for substantial evidence, *see, e.g.*, *Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025) (noting intracircuit conflict over standard of review for determining whether given facts amount to persecution), we uphold it. Economic hardship due to private employment restrictions is ordinarily not cognizable persecution whether the asserted hardship is the inability to get a "good" job or any job. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). And even if age discrimination in employment could amount to persecution, no record evidence supports Pichay's claim that he would be completely unable to obtain employment if removed to the Philippines. His failure to show a well-founded fear of persecution independently precludes him from receiving asylum.

3. The BIA did not abuse its discretion by denying Pichay's request for a second extension of the briefing schedule and rejecting Pichay's untimely filed brief. Agency regulations give the BIA discretion to "consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c)(1). Although the BIA must provide "some reasoned explanation" for its decisions, *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam) (citation omitted), we will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

We can reasonably discern the BIA's rationale for not exercising its discretion to accept his late brief here. Pichay had nearly two years to file a brief before the agency reset the briefing schedule; Pichay's counsel requested a seven-day extension of time, certifying that he "has, and will continue to, exercise due diligence to meet the new deadline if an extension is granted"; and the BIA granted a 21-day extension, two weeks longer than requested, while warning that it would not extend the deadline again. After claiming to have lost the brief on his computer the day before it was due, Pichay's counsel indicated that he needed ten days to rewrite it. But he did not file the brief until at least two weeks later. On this record, the untimeliness of Pichay's filing clearly was the result of his counsel's lack of diligence. We cannot say that the BIA abused its discretion by deciding that such circumstances did not excuse the late brief. *Compare Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (upholding the BIA's rejection of a late brief where the petitioner had received an extension and the record showed that the petitioner "cannot point to anyone but himself to explain the untimeliness of his brief"), *with Garcia Gomez*, 498 F.3d at 1051 (remanding where the record showed that the petitioners' late filing was caused by "the mail carrier's failure to deliver the notice of the briefing schedule to the correct address").

Nor did the BIA's decision violate due process. Absent a showing of ineffective assistance of counsel—which Pichay does not claim—removal

proceedings do not become fundamentally unfair "where the failure to file the brief on time is the result of the petitioner's counsel's mistake." *Zetino*, 622 F.3d at 1013 (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003)). And Pichay makes no attempt to demonstrate that the BIA's rejection of his brief prejudiced the outcome of his proceedings. *See id.* at 1013–14.

4.      Pichay does not meaningfully contest the IJ's other rulings, which rejected his other proposed social group and denied his withholding and CAT claims. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. Immigr. & Naturalization Serv.*, 94 F.3d 1256, 1259 (9th Cir. 1996). Because Pichay forfeited challenges to these rulings, we do not reach the IJ's other grounds for denying relief.

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve when the mandate issues.