**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO OSORIO MEJIA,

　　　　　　Petitioner,

　v.

TODD BLANCHE, Acting Attorney General,

　　　　　　Respondent.

No. 25-419

Agency No.
A208-577-123

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Seattle, Washington

Before: W. FLETCHER and M. SMITH, Circuit Judges, and HINDERAKER,
District Judge.***

　　　Sergio Osorio Mejia petitions for review of a Board of Immigration Appeals

("BIA") decision dismissing his appeal from the Immigration Judge's denial of his

application for asylum, withholding of removal, and Convention Against Torture

("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the

---

　　　* 　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　** 　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

　　　*** 　　The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

petition for review.

We review the BIA's factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review the BIA's denial of a motion to accept a late-filed brief for abuse of discretion. *See Garcia Gomez v. Gonzalez*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam).

Osorio Mejia argues the denial of his motion to accept a late-filed brief in a "Notice of Action" violated BIA regulations because it demonstrated that an administrative staff member, as opposed to a Board Member, resolved the motion. Even assuming such a denial would violate BIA regulations, there is nothing in the notice indicating that an administrative staff member resolved the motion. Osorio Mejia does not contest that the BIA was responsible for two earlier notices denying separate motions. Given the substantial similarity between the earlier notices and the contested notice, this argument fails.

The BIA did not abuse its discretion in denying Osorio Mejia's motion to accept his untimely brief. The BIA has discretion to consider a late-filed brief. 8 C.F.R. § 1003.3(c)(1). Although the BIA must offer "some reasoned explanation" for denying a motion to accept a late-filed brief, *Garcia Gomez*, 498 F.3d at 1051 (citation modified), we may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (citation modified).

We can reasonably discern that the BIA did not exercise its discretion to accept Osorio Mejia's untimely brief because the brief's untimeliness resulted from his counsel's error. Nearly two years later after the brief was due, Osorio Mejia's counsel filed a motion to accept a late brief. In a sworn statement, his counsel attributed the delay to a firm "oversight," stating "the brief was never printed and mailed by the appropriate office staff, so the filing was never made. . . . I take full responsibility for the untimely filing." Nothing in the record indicates an alternative reason for the brief's late filing. On this record, we conclude that the BIA did not abuse its discretion in denying the motion. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) ("[W]e have held that a petitioner's due process rights are not violated even where the failure to file the brief on time is the result of the petitioner's counsel's mistake." (citation modified)).

Osorio Mejia failed to exhaust his asylum and withholding of removal claims. "The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule," which "a court must enforce . . . if a party properly raise[s] it." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation modified). Because Osorio Mejia did not timely file a brief before the BIA, the sole appellate document before the BIA was his Notice of Appeal. Although the Notice of Appeal lists seven alleged errors by the IJ, it does not contest the IJ's conclusion that Osorio Mejia had not established that the

Guatemalan government was, or would be, unwilling or unable to protect him. Osorio Mejia's failure to exhaust this issue disposes of his asylum and withholding of removal claims. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (explaining that "to be eligible for asylum, the applicant must show," among other things, that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control"); *id.* at 1142 ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . .").

Substantial evidence supports the BIA's denial of CAT protection because the record does not compel the conclusion that a public official would acquiesce in any future torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**